**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51037/51038**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: July 8, 2024** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| RYAN STEVEN FICKAS, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Orders revoking probation, <u>affirmed</u>; orders denying I.C.R. 35 motions, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

In these consolidated appeals, Ryan Steven Fickas pled guilty to aggravated assault, Idaho Code §§ 18- 901(b), 18-905(a). In exchange for his guilty plea, the deadly weapon enhancement was dismissed (Docket No. 51037). Fickas did not appear at his sentencing hearing and a bench warrant was issued. A few days later, Fickas was stopped by a police officer and arrested on the outstanding warrant. A search of his vehicle resulted in locating a controlled substance and paraphernalia. Fickas pled guilty to felony possession of a controlled substance, I.C. § 37-2732(c)(1) (Docket No. 51038). At a consolidated sentencing hearing the district court imposed a unified term of five years with two years determinate in the assault case and a consecutive unified term of five years with one year determinate in the possession case. The district suspended the

1

sentences and placed Fickas on probation for a period of five years. Subsequently, Fickas admitted to violating the terms of the probation, and the district court continued Fickas on probation. Fickas again admitted to violating his probation and the district court continued Fickas on probation on the condition that he complete Bonneville County Wood Court. Fickas was terminated from Wood Court and admitted to violating his probation for a third time. The district court consequently revoked probation and ordered execution of the original sentences. Fickas filed Idaho Criminal Rule 35 motions for reduction of sentences which the district court denied. Fickas appeals, contending that the district court abused its discretion in revoking probation, executing the underlying sentences, and by denying his I.C.R. 35 motions.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original

sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Fickas' Rule 35 motion, we conclude no abuse of discretion has been shown.

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion either in revoking probation or denying the Rule 35 motions. Therefore, the orders revoking probation and directing execution of Fickas' previously suspended sentences and the orders denying Fickas' Rule 35 motions are affirmed.